JOURNAL ENTRY AND OPINION
{¶ 1} Willie Hicks appeals from an order of the trial court that denied his petition for postconviction relief. He claims that the trial court violated his due process rights and deprived him of effective assistance of counsel when it overruled his petition and found that it was barred by the doctrine of res judicata. We affirm.
 {¶ 2} The record reveals that Hicks was indicted in September 2002 on a single count of murder, in violation of R.C. 2903.02, carrying both one- and three-year firearm specifications. Following Hicks' waiver of his right to a jury trial, the case proceeded to a bench trial and Hicks was subsequently found guilty on the sole count of murder and on the merged firearm specifications.[1]
 {¶ 3} At the subsequent sentencing hearing, defense counsel advised the court that the presentence investigation report ("PSI") contained information that he was unaware of prior to trial, despite several discovery requests. He claimed that the PSI contained statements from an East Cleveland councilwoman who told the investigating detective that "she had information from a reliable source that two boys were `robbing the dope boys' on Chapman." The PSI also contained a statement from the detective that he had been contacted by a confidential reliable informant ("CRI") who told him that, "two males were involved in this murder, and one of the men was Main Man, a.k.a. Jake Harris [a witness who had testified on behalf of the State]."
 {¶ 4} The court took note of this argument and then proceeded immediately to sentencing. Hicks received a term of fifteen years to life on the murder charge and a merged, consecutive three-year term on the firearm specifications.
 {¶ 5} In August 2004, while his direct appeal was pending, Hicks filed a petition for postconviction relief under R.C.2953.21, claiming that he was denied due process when his request for disclosure of exculpatory evidence was denied. In October 2004, this court affirmed Hicks' conviction.[2] The trial court then denied Hicks' petition in April 2005, finding that it was barred by res judicata. Hicks appeals from this order in a single assignment of error which states:
"THE TRIAL COURT ERRED IN VIOLATION OF MR. HICKS' FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN IT OVERRULED THE PETITION FOR POST-CONVICTION RELIEF SOLELY ON GROUNDS THAT THE ALLEGATIONS CONTAINED THEREIN WERE BARRED BY THE DOCTRINE OF RES JUDICATA."
 {¶ 6} In his petition for postconviction relief, Hicks claimed that the prosecutor failed "to provide exculpatory evidence as well as evidence tending to impeach credibility of state's eyewitness." In response to this claim, the trial court noted in its journal entry that the sentencing transcript clearly contained trial counsel's assertions that he was unaware of the alleged exculpatory evidence contained in the PSI. (Tr. 494-496.) Based on this information, the court found that this issue could have, and should have, been raised on Hicks' direct appeal and therefore denied the claim as res judicata.
 {¶ 7} As held by the Ohio Supreme Court, if an alleged constitutional error could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a postconviction proceeding. State v. Perry
(1967), 10 Ohio St.2d 175, 179. If, however, the alleged constitutional error is supported by evidence outside the record as well as evidence appearing in the record and, thus, could not have been fully litigated on direct appeal, the issue is not subject to the doctrine of res judicata. State v. Smith (1985),125 Ohio App.3d 342, 348. We find that the alleged error in the instant case should have been raised on direct appeal.
 {¶ 8} The statements contained in the PSI regarding both the councilwoman's and the CRI's statements were raised during the sentencing phase of trial and, therefore, could have been an issue in Hicks' direct appeal. Trial counsel even went so far as to advise the trial court that this exact issue would be appealed and requested that the public defender's office be appointed. (Tr. 496). A further review of both the record and Hicks' postconviction petition shows that the statements made by trial counsel at both the sentencing hearing and in the affidavit supporting postconviction relief contain nearly identical facts, lending further credence to the assertion that no new evidence outside the record existed which prevented the issue from being raised on direct appeal.
 {¶ 9} Although Hicks additionally asserts that the court erred in failing to conduct a hearing prior to denying his petition, in this instance, the trial court was not required to conduct such a hearing. As the Supreme Court held in State v.Jackson (1980), 64 Ohio St.2d 107, 109-110, "R.C. 2953.21
requires the trial court to consider the allegations of the petition for postconviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition."
 {¶ 10} For these reasons, Hicks' sole assignment of error lacks merit.
 {¶ 11} The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., concurs.
 McMonagle, J. Dissents (see separate Dissenting Opinionattached).
[1] A full recitation of the facts is available in State v.Hicks (Oct. 11, 2004), Cuyahoga App. No. 83981, 2004-Ohio-5223,Hicks I.
[2] Hicks I, supra.
 DISSENTING OPINION